OPINION
On November 23, 1998, appellant, John Vanderhoeven, came upon an accident involving a motor vehicle and a deer. Appellant stopped to assist the driver. Patrolman Terry Williams of the Lancaster Police Department arrived on the scene. The driver of the vehicle suggested to Patrolman Williams that appellant might be intoxicated. Appellant was in his vehicle with the engine running. Patrolman Williams spoke with appellant and detected a strong odor of alcohol. After appellant admitted to having consumed some alcohol, Patrolman Williams conducted field sobriety tests. Appellant was subsequently arrested for driving under the influence in violation of R.C. 4511.19(A)(1). Following a pat-down search, appellant was also charged with possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). On December 23, 1998, appellant filed a motion to suppress claiming Patrolman Williams did not have reasonable suspicion that he was operating a motor vehicle under the influence of alcohol. A hearing was held on March 3, 1999. By decision and journal entry filed March 15, 1999, the trial court denied said motion. On April 5, 1999, appellant pled no contest to the charges. By journal entry filed same date, the trial court found appellant guilty and sentenced him to sixty days in jail and ordered him to pay a five hundred dollar fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT-APPELLANT WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14, OF THE OHIO CONSTITUTION. IN ORDER FOR LAW ENFORCEMENT OFFICIALS TO BE ABLE TO CONSTITUTIONALLY STOP AND DETAIN INDIVIDUALS FOR INVESTIGATIVE PURPOSES, THE LAW ENFORCEMENT OFFICIAL INTENDING TO MAKE THE STOP AND DETENTION MUST POSSESS SPECIFIC AND ARTICULABLE FACTS INDICATING THAT THE STOP AND DETENTION IS BASED ON REASONABLE SUSPICION THAT CRIMINAL ACTIVITY HAS OCCURRED, IS OCCURRING OR IS ABOUT TO OCCUR. WHEN THE SUSPICION OF CRIMINAL ACTIVITY IS BASED UPON INFORMATION SUPPLIED BY AN INFORMANT, THE INFORMANT MUST BE SHOWN TO BE RELIABLE AND THE INFORMATION PROVIDED CREDIBLE.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." As noted by the parties' briefs, there is essentially no disagreement as to the facts. In its decision and journal entry filed March 15, 1999, the trial court found the following facts: The following facts are pertinent to the determination of the merits of Defendant's Motion to Suppress. Officer Williams of the Lancaster Police Department came upon the scene of collision between a deer and another vehicle operated by an unnamed individual at 5:40 a.m. on November 23, 1998. Present at the accident scene when Officer Williams arrived was the Defendant who was outside of his vehicle and near the dead deer struck by the driver of the other vehicle. Officer Williams first approached the driver of the vehicle that struck the deer and inquired of this driver whether he was injured. Officer Williams was advised by this driver that he was okay and that the Defendant was drunk. The record of the evidentiary hearing is silent as to any facts supporting the reliability of the other driver's conclusion concerning Defendant's state of intoxication. The Officer neither observed the Defendant return to his vehicle nor did he see the Defendant commit any traffic violations. When Officer Williams' attention was drawn to the Defendant, the Defendant was in the driver's seat of his truck, the motor was running, and the vehicle was not moving. Officer Williams approached Defendant's vehicle and tapped on the window of the Defendant's vehicle to make inquiry of the Defendant. Upon doing so, Defendant responded that he had consumed a couple of beers and Officer Williams detected a strong odor of alcohol coming from Defendant's breath. No other indication of alcohol impairment was noticed by Officer Williams.
Appellant argues Officer Williams's tapping on the window of his vehicle, requesting to speak with him and inquiring into whether he had consumed alcohol were actions in violation of Terry v. Ohio (1968), 392 U.S. 1, and its progeny. The Terry court held an investigating officer must have sufficient articulable facts giving rise to a reasonable suspicion that criminal activity is occurring to justify a stop. In its journal entry, the trial court concluded the tapping on appellant's window and the request to speak to him constituted a police-citizen contact and no seizure took place until appellant was removed from the vehicle and ordered to perform field sobriety tests. Upon review, we concur with the trial court's analysis that the facts establish a consensual encounter. As Judge Young explained in State v. Taylor (1995), 106 Ohio App.3d 741, 747, at times police-citizen contact may not be a seizure of the person: The first type is a consensual encounter. Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. United States v. Mendenhall (1980),446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497, 504-505. The request to examine one's identification does not make an encounter nonconsensual. Florida v. Rodriguez (1984), 469 U.S. 1, 4-6,105 S.Ct. 308, 83 L.Ed.2d 165, 169-171; Immigration Naturalization Serv. v. Delgado (1984) 466 U.S. 210, 221-222, 104 S.Ct. 1758,1765-1766, 80 L.Ed.2d 247, 258-259. Nor does the request to search a person's belongings. Florida v. Bostick (1991), 501 U.S. 429,111 S.Ct. 2382, 115 L.Ed.2d 389. The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter. Mendenhall, supra, 446 U.S. at 554, 100 S.Ct. at 1877,64 L.Ed.2d at 509; Terry v. Ohio (1968), 392 U.S. 1, 16, 19,88 S.Ct. 1868, 1877, 1878, 20 L.Ed.2d 889, 903, 904. Once a person's liberty has been restrained, the encounter loses its consensual nature and falls into one of the next two Supreme Court categories.
We find the case of State v. McDaniel (1993), 91 Ohio App.3d 189, to be enlightening on the issue sub judice. In McDaniel, the police-citizen contact was in a hallway where the defendant was loitering. The officer asked the defendant a few questions and inquired as to whether he had any drugs on his person. The court found no seizure took place holding no seizure takes place when an officer "approaches an individual and asks a few questions." Id. at 191. The encounter in this case was consensual. Officer Williams approached appellant's vehicle, asked him to roll down his window and asked him a few questions. Even though the vehicle was running, the vehicle was not in gear. Appellant had just walked away from the accident scene and entered his vehicle. The seizure occurred when appellant was taken from his vehicle. At this point, Officer Williams had sufficient reasonable articulable facts to seize appellant. Officer Williams detected a strong odor of alcohol on appellant's breath, appellant admitted to consuming alcohol and a six pack of beer was visible on the front seat. T. at 10. All these facts are sufficient to satisfy Terry. The trial court did not err in denying appellant's motion to suppress. The sole assignment of error is denied.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and HOFFMAN, J. concur.